IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN S. SAMUELS,

    Plaintiff,

v.                              Civil Action No.  3:15cv665

TRAVIS L. NUTTER,

    Defendant.


## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT TRAVIS L. NUTTER'S MOTION TO DISMISS (Docket No. 7).  For the reasons set forth below, the motion will be denied in part and granted in part.


## BACKGROUND

In his Complaint, Plaintiff John S. Samuels ("Samuels") asserts civil rights and common law tort claims against Travis L. Nutter ("Nutter"), a Lieutenant employed in the Caroline County Sherriff's Office. Those claims arise out of the following scenario, recounted in paragraphs 7 through 60 of Samuels' Complaint (Docket No. 1).  The facts are recited as they are stated in the Complaint.  Nutter's motion to dismiss seeks dismissal of two of the seven claims.

On November 1, 2013, Nutter obtained a search warrant to follow Samuels' movements in relation to a drug crime. Nutter submitted a probable cause affidavit for this warrant in which he made sworn statements.

On or about November 7, 2013, Samuels was driving from Fredericksburg to Richmond when Nutter and Agent Evans of the United States Drug Enforcement Agency stopped Samuels as he passed through Caroline County. Without giving verbal commands, Nutter approached Samuels' car with his gun drawn. Nutter then cracked Samuels' driver side window with the barrel of his gun. In response, Samuels urinated on himself out of fear. Samuels was cooperative with Nutter's demands. He did not show any sign of resistance or aggression. Nutter ordered Samuels to put his, "mother****ing, god**** hands up." Samuels complied and was taken into custody.

On November 7, 2013, after Samuels was arrested, Nutter procured search warrants for Samuels' home and business. To do so, Nutter submitted, for each property, probable cause affidavits. In those probable cause affidavits, Nutter, according to the Complaint, swore to many false statements and information that contradicted his earlier probable cause affidavit from November 1, 2013. Nutter subsequently searched Samuels' home and business.

2

Nutter questioned Samuels at or around 6:30 p.m. the night of the arrest, and he did not preface the questioning by reading Samuels his Miranda rights. During questioning, Nutter used police tactics, including deceit, but Samuels maintained his innocence. A magistrate then formally charged Samuels.

At the hearing on a motion to suppress evidence that was found during the alleged unconstitutional search and seizure, the state court found that the affidavits supporting the November 7, 2013 search warrants contained factual claims insufficient for a magistrate to have found probable cause. The state court further found that Nutter had demonstrated a reckless disregard as to the falsity of the statements, and thus that Nutter could not, in good faith, rely upon the search warrants. The motion to suppress was granted, and the prosecution of Samuels was terminated in Samuels' favor, on June 5, 2015 when the Commonwealth failed to file a petition for appeal in the Court of Appeals of Virginia.

The Complaint contains seven counts. Count I, filed pursuant to 42 U.S.C. § 1983, alleges that, in wielding his weapon to break the car window, Nutter used excessive force in violation of the Fourth Amendment. Count II, also filed pursuant to 42 U.S.C. § 1983, alleges that the search pursuant to the November 7 warrant, was unreasonable and in violation of the Fourth Amendment. Count III, read broadly, alleges a claim

of racial discrimination in violation of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the equal protection clause of the Fourteenth Amendment.   Count IV alleges a claim against the Caroline County Sheriff's Office for unreasonable search and seizure.   Count V (erroneously designated as a second Count IV) alleges a claim that Nutter was grossly negligent.   Count VI (erroneously designated as Count V) alleges that Nutter assaulted Samuels. Count VII (erroneously designated as Count VI) alleges that that Samuels is entitled to punitive damages.

Nutter's motion to dismiss is directed only to Counts I and III.   However, the Court notes that Count IV is asserted against a non-party and thus it will be dismissed.   Also, Count VII does not state a claim because there is no independent claim for punitive damages either in federal law or under Virginia law. That claim too will be dismissed.   We now examine the motion to dismiss Counts I and III.

**LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "provide 'enough facts to state a claim to relief that is plausible on its face.'"   Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   "A claim has facial plausibility when the plaintiff pleads factual content that

4

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A court "will accept the pleader's description of what happened . . . along with any conclusions that can be reasonably drawn therefrom," but "need not accept conclusory allegations encompassing the legal effects of the pleaded facts." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 1998); Chamblee v. Old Dominion Sec. Co., LLC, No. 3:13cv820, 2014 WL 1415095, at *4 (E.D. Va. Apr. 11, 2014). "Twombly and Iqbal also made clear that the analytical approach for evaluating Rule 12(b)(6) motions to dismiss requires courts to reject conclusory allegations that amount to mere formulaic recitation of the elements of a claim and to conduct a context-specific analysis to determine whether the well-pleaded factual allegations plausibly suggest an entitlement to relief." Chamblee, 2014 WL 1415095, at *4. In considering a motion to dismiss, the court may "properly take judicial notice of matters of public record." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

**ANALYSIS**

**A.   Count I:  Excessive Force Claim**

To plead a viable excessive force claim, a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting the officer, objectively unreasonable under the Fourth Amendment. See Graham v. Connor, 490 U.S. 386, 396-7 (1989). Whether an officer has used excessive force to effect a seizure is based on a standard of objective reasonableness. Id.; Bailey v. Kennedy, 349 F.3d 731, 743 (4th Cir. 2003). The court weighs the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake, paying careful attention to the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, whether the suspect is actively resisting arrest or attempting to evade arrest by flight, and extent of plaintiff's injury. Bailey, 349 F.3d at 743. In other words, the court considers the extent of the plaintiff's injury as evidence of the reasonableness of the officer's behavior. Actual physical injury is not a requisite element of the claim but a lack thereof is to be considered in determining the reasonableness of the officer's actions.

Nutter relies on an unreported case, Wilson v. Molby, No. 1:12cv42, 2012 WL 1895793 (E.D. Va. May 23, 2012), to support his

6

argument that "specific, physical injuries" must be alleged for an excessive force claim. (Docket No. 8). The <u>Wilson</u> court did indeed point out that the plaintiff made "no allegation that he suffered an injury whatever." <u>Id.</u>, at *5. However, the court's analysis turned on whether the officer had pointed a gun at the plaintiff and not on the degree of plaintiff's injuries. <u>Id.</u> In Wilson's complaint, he alleged that the officer had pointed a gun at him, but, in the attached deposition testimony, Wilson said that the officer did not do so. <u>Id.</u> Because of this admission, the court accepted the deposition testimony, and, as a result, the court found that no excessive force had been applied. <u>Id.</u> Because the analysis depended on the plaintiff's factual admission and not on the plaintiff's injury, <u>Wilson</u> is of no efficacy here.

A physical, specific injury is not a requisite element of an excessive force claim. Exemplifying the excessive force analysis where plaintiff's injuries were primarily mental is Fourth Circuit case <u>Trull v. Smolka</u>, 411 F. App'x 651 (4th Cir. 2011). In <u>Trull</u>, plaintiff alleged "so much shock and fright that he urinated upon himself and causing him to experience high blood pressure, shortness of breath and tightness in his chest." <u>Id.</u> at 657. The court considered the injury as evidence pertaining to the reasonableness of the officer's conduct and

7

found that the officer "undertook a reasonable course of action." Id.

Here, Samuels alleges an emotional injury with physical manifestations that produced results requiring medical treatment. That is sufficient. Thus, the motion to dismiss will be denied as to Count I.

## B.   Count III:  Racial Discrimination

In his Complaint, Samuels confusingly interchanges 42 U.S.C. § 1983 and 42 U.S.C. § 1981 to support his racial discrimination claim. Samuels also purports to ground the racial discrimination claim under the equal protection clause of the Fourteenth Amendment. To the extent that Count III is a § 1981 claim, it is dismissed because § 1981 prohibits discrimination on the basis of race in the making and enforcement of contracts. Domino's Pizza, Inc. v. McDonald, 546 U.S. 470, 479-80 (2006). ("[A] plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.'"). There is no evidence of a contract between Samuels and Nutter in this action. To the extent that Samuels attempts to plead a § 1983 claim and a Fourteenth Amendment claim in Count III, he falls short of the necessary pleading requirements and his claims are therefore dismissed.

CRITICAL

The federal rules require a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The purpose is to give the defendant fair notice "of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Twombly makes quite clear that a plaintiff cannot satisfy the appropriate pleadings standard simply by articulating claims in the forms of labels, conclusions, or by a formulaic incantation of the elements of a claim. Id. at 555. To the contrary, the plaintiff must allege facts that are sufficient "to raise a right to relief above the speculative level" by articulating a claim that is "plausible on its face" rather than merely "conceivable." Id. at 570. "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Accordingly, it is by now quite clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949.

To successfully plead a racial discrimination claim under 42 U.S.C. § 1983, a plaintiff must allege: "the defendant has deprived him of a right secured by the Constitution and the laws of the United States," and "the defendant deprived him of this

constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). To successfully plead a racial discrimination claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must plead sufficient facts to demonstrate plausibly that he was treated differently from others who were similarly situated and that the unequal treatment was the result of discriminatory animus. Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); see also Twombly, 550 U.S. at 560-61.

The *sine qua non* of a claim theory is an allegation that race animated the conduct which is the subject of the claim. And, under Twombly and Iqbal, that allegation must be supported by factual predicates that make it plausible that race was the animating factor. Measured against the standards of Twombly and Iqbal, the Complaint fails to allege a plausible claim for racial discrimination against Nutter. In fact, it is barren of any specific factual allegations that would support any reasonable inference, or any plausible claim, of racial discrimination on the part of Nutter. Samuels merely makes three assertions: (1) that Samuels is an African American and as such a member of a protected class; (2) that Samuels' race was a "motivating factor" for Nutter's actions; and (3) Nutter acted with the purpose of depriving Samuels of equal protection and

10

benefits of the law. (Docket No. 1, ¶¶ 89, 91). He pleads no facts to demonstrate that he was treated any differently from others who were similarly situated or that the alleged misconduct was motivated by race. Absent some factual support, the conclusory allegations of racial animation simply do not meet the pleading requirements of Twombly and Iqbal. For this reason, Samuels' claim for racial discrimination (Count III) must be dismissed.

## CONCLUSION

For the foregoing reasons, DEFENDANT TRAVIS L. NUTTER'S MOTION TO DISMISS (Docket No. 7) is granted as to Count III and denied as to Count I. Count IV is dismissed because those claims are asserted against a non-party. Count VII is dismissed because there is no independent claim for punitive damages either in federal law or under Virginia law.

It is so ORDERED.

/s/
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date:  April 18, 2016